UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALLIANCE INDUSTRIES, INC.,

                         Plaintiff,

                                                          **Hon. Hugh B. Scott**

                    v.                                    08CV490S

                                                          **Order**

LONGYEAR HOLDINGS, INC.,

                         Defendant.

Before the Court is defendant motion for admission <u>pro hac vice</u> of Brian A. Berkley,

Esq., and Larry R. Wood, Jr., Esq. (Docket No. 9[1]).  Judge Skretny issued a briefing schedule for

this application (Docket No. 10, text Order of July 31, 2008) and then referred this case to the

undersigned for disposition of pretrial matters (Docket No. 16, Sept. 4, 2008), normally including

such matters as <u>pro hac vice</u> admission applications.

After the parties wrote seeking to initiate mediation (<u>see</u> letter Michael Ferdman to

Chambers, Dec. 15, 2008), the Court initially set a Scheduling Conference for January 13, 2009

(Docket No. 18), noting that the question about <u>pro hac vice</u> admission was still open and before

Judge Skretny.  After further correspondence from counsel (<u>see</u> letter Michael Ferdman to

Judge Skretny, Dec. 30, 2008), on January 9, 2009, this admission application was also referred

---

[1]In support of this application, defendant submitted the affidavits of Brian Berkley and
Larry Wood, the affidavit and supplemental affidavit of Michael E. Ferdman (with exhibits),
Docket No. 9, and a reply in support of this application, Docket No. 15.
      In opposition, plaintiff submitted plaintiff's counsel's affirmation, a memorandum of law,
and the affidavit of David Hill, plaintiff's chief financial officer (with exhibit), Docket No. 11.

to the undersigned.  Following that referral, the Scheduling Conference was adjourned pending

resolution of this application (Docket No. 20) and the application was argued on January 23,

2009 (see Docket Nos. 22 (minute entry), 21), and deemed submitted on January 23, 2009.

BACKGROUND

This is a diversity stockholders suit arising from the purchase of stock in a corporation to

acquire its subsidiary and subsequent disposition of funds in an escrow account created as part of

the transaction (see Docket No. 1, Compl.).  As summarized in its opposition to this pro hac vice

application, plaintiff alleges that defendant

> "has articulated two claims against millions of dollars in escrow funds that were
> due to be released to [plaintiff] Alliance on or about April 30, 2008.  In
> wrongfully asserting its claim to the escrow funds, the defendant has maintained
> that Alliance failed to make it aware of certain facts and information during the
> course of the due diligence phase prior to the consummation of the underlying
> transaction on December 6, 2006"

(Docket No. 11, Pl. Atty. Affirm. ¶ 7).  Defendant negotiated to acquire plaintiff's subsidiary,

Prosonic Corporation.  Through its attorneys, defendant was given access to an online "data

room" of documents produced during the due diligence phase and negotiation of the deal.  One

set of documents disclosed Prosonic's employee health care costs were capped at one figure but

after acquiring Prosonic defendant learned that Prosonic paid an employee twice the capped

maximum to care for that employee's child due to a catastrophic illness.  (Docket No. 1, Compl.

¶¶ 10-12, 20, 44-52; Docket No. 12, Ans. ¶¶ 87-91, 93-95, 97, Ex. C; Docket No. 11, Pl. Memo.

at 6-7; cf. Docket No. 15, Def. Reply Memo. at 1-2, 8, Ex. A).

Defendant answered and asserted a counterclaim (Docket No. 12); plaintiff in turn

answered the counterclaim (Docket No. 17).

*Plaintiff's Objection to the <u>Pro Hac Vice</u> Application*

Defendant retained Berkley and Wood, trial attorneys of the Pepper Hamilton LLP firm of Philadelphia, to represent it before this Court in this action and filed the ususal moving papers for these attorneys to appear <u>pro hac vice</u> (Docket No. 9).

Unusually, plaintiff filed opposition papers (Docket No. 11; <u>cf.</u> <u>id.</u> Pl. Atty. Affirm. ¶ 4 (conceding unusual nature of the opposition to this application)), arguing that the Pepper Hamilton firm "is or will be disqualified from representing the defendant herein" (<u>id.,</u> Pl. Atty. Affirm. ¶ 3).  Plaintiff charges that Pepper Hamilton was "integrally related in the due diligence phase of the transaction" at issue in this case, leading plaintiff to believe that the firm or some of its attorneys may be called as witnesses (<u>id.</u> ¶ 4; <u>see</u> <u>id.,</u> Hill Aff. ¶ 6).  Pepper Hamilton had access to information during the due diligence phase of the transaction that is now at issue in this case, hence making Pepper Hamilton attorneys potential witnesses (<u>id.,</u> Pl. Atty. Affirm. ¶¶ 4-8, Hill Aff. ¶¶ 6-9, Ex. (describing online "data room"); those firm lawyers identified by plaintiff that had access to due diligence materials did not include Berkley or Wood (<u>see</u> <u>id.</u> Pl. Atty. Affirm. ¶¶ 9, 10), but other attorneys (some with that access) may become involved in this case with Berkley and Wood.  Plaintiff concludes that lawyers from Pepper Hamilton will be required to testify in this case and New York State professional ethics would require the firm to be disqualified if it served as counsel and witness, thus Berkley and Wood's application to appear <u>pro hac vice</u> in this case should be denied (Docket No. 11, Pl. Memo. at 2-4, citing 22 N.Y.C.R.R. § 1200.21).

During oral argument, plaintiff stated that it also made this motion to preserve the disqualification issue from any possible waiver arguments if raised later in the proceedings.

*Defendant's Reply*

Defendant replies that plaintiff does not claim that Berkley or Wood would become witnesses (Docket No. 15).  First, defendant contends that the New York Code of Professional Responsibility is not binding upon this Court to require disqualification in all instances (id. at 2 n.1).  Requests to disqualify are disfavored and the opponent seeking disqualification has a high burden of proof to obtain that relief (id. at 2, 3-4), Paramount Commc'ns, Inc. v. Donaghy, 858 F. Supp. 391, 394 (S.D.N.Y. 1994); Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983).  Defendant argues that "to meet the strict standard of proof, the party seeking disqualification must establish that (1) the attorney's testimony is necessary; and (2) with specificity as to 'how' and on 'what issues,' that such testimony will be 'substantially likely to be prejudicial to the party represented by his firm'" (id. at 4, quoting Parke-Hayden, Inc. v. Loews Theatre Mgmt. Corp., 794 F. Supp. 525, 527 (S.D.N.Y. 1992) (court denying motion to disqualify firm).  Defendant concludes that plaintiff has not established that Pepper Hamilton's testimony will be necessary or prejudicial to defendant (id. at 5-6, 8 n.6, 9).

In Michael Ferdman's December 30, 2008, letter, he notes that the delay in deciding the pro hac vice issue has hindered the Rule 26 conference prior to the January 13, 2009, Scheduling Conference, despite plaintiff's desire to attempt mediation of this case (see id. at 2 n.2).

DISCUSSION

I.    Pro Hac Vice Admission and Attorney-Witness Rule

Admission to practice pro hac vice before this Court is by the discretion of the Court for "an attorney duly admitted to practice in any state, territory, district or foreign country" provided the attorney furnishes the Court information sufficient for a full-fledged admission to practice

4

before the Court, W.D.N.Y. Loc. Civ. R. 83.1(<u>i</u>).  There is no issue about the qualifications of

Messrs. Berkley and Wood to practice before this Court.  Plaintiff instead raises the issue of

whether the <u>pro hac vice</u> applicants' firm Pepper Hamilton can ethically appear in this action

where attorneys from that firm may be witnesses in this action.

 Under New York Code of Professional Responsibility, Disciplinary Rule 5-102(B)

provides

> Neither a lawyer nor the lawyer's firm shall accept employment in contemplated
> or pending litigation if the lawyer knows or it is obvious that the lawyer or another
> lawyer in the lawyer's firm may be called as a witness on a significant issue other
> than on behalf of the client, and it is apparent that the testimony would or might
> be prejudicial to the client.

N.Y.S. Code of Professional Responsibility DR 5-102(B), 22 N.Y.C.R.R. § 1200.21(b)

(McKinney's 2008).  Plaintiff argues that at least one district court in this Circuit has rejected a

<u>pro hac vice</u> application in circumstances similar to this case.  In <u>Fuchs v. Schick</u>, No. 01 Civ.

10224, 2002 U.S. Dist. LEXIS 6212 (S.D.N.Y. Apr. 10, 2002), defendant opposed plaintiff's

counsel's application because that counsel was involved in the valuation of partnership units that

were at issue in that case and hence intended to be called as witness.  The district court there

denied the application and denied as moot the motion to disqualify the applicant's entire firm,

holding that (while attorney disqualification is disfavored because of its possible abuse)

disqualification was required because the issues in the present action were "closely aligned with

issues concerning defendant's perception and knowledge" of the value of the units that calling

members of the applicant's firm as witnesses would be "far from frivolous," <u>id.</u> at *7.  (Docket

No. 11, Pl. Memo. at 4.)

But the New York State Code only provides guidance to this Court in the absence of Second Circuit law on a point of legal ethics.  "The disqualification of an attorney in order to forestall violation of ethical principles is a matter committed to the sound discretion of the district court," Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir. 1994) (citation omitted).  Federal courts have disqualified counsel (or denied pro hac vice admission on disqualification grounds) where the attorney or his or her firm's testimony is necessary and that testimony is prejudicial to the client.

Defendant contends (Docket No. 15, Def. Reply Memo. at 4-7), plaintiff fails to establish that the testimony of the transaction lawyers at Pepper Hamilton is required in this case to require disqualification.  First, defendant states that plaintiff merely speculates that it may need to call Pepper Hamilton lawyers to confirm what they say from the online data room.  Further, the best evidence of what defendant knew would come from defendant itself and not from its attorney-agents (id. at 5).  The attorney's testimony would be cumulative of testimony from defendant itself (id. at 6).  As for the prejudice element, defendant contends that plaintiff cannot establish that Pepper Hamilton testimony would be prejudicial to defendant (id. at 7-8).  Alternatively, even if Pepper Hamilton's transactional lawyers are deemed to be witnesses and potentially disqualified, Messrs. Berkley and Wood as trial attorneys from that firm need not be disqualified (id. at 9, citing Occidental Hotels Mgmt. B.V. v. Westbrook Allegro L.L.C., 440 F. Supp. 2d 303, 315 (S.D.N.Y. 2006) (declining to disqualify all of Jones Day for involvement of one of its transactional attorneys in the underlying transaction); Zoo Holdings, LLC v. Clinton, 11 Misc. 3d 1051A, at *4, 814 N.Y.S.2d 893, 893 (N.Y. Sup. Ct. 2006) (same, in New York State action)).  During oral argument, defendant also stated that a disqualification motion (such as plaintiff's

6

opposition would be as a practical matter) comes later in the litigation, after a record is

established to show the necessity for counsel's testimony and that this testimony conflicts with

defendant's position.

Defendant's application is **granted**.  Plaintiff has not established, at this time, either the

necessity to call Pepper Hamilton lawyers as witnesses or that their testimony would be

prejudicial to defendant.  Even if such testimony became necessary, there is no need, at this

juncture, to disqualify trial counsel from the firm if transactional attorneys are the witnesses, see

also Occidental Hotels, supra, 444 F. Supp. 2d at 315; Zoo Holdings, supra, 11 Misc. 3d 1051A,

at *4, 814 N.Y.S.2d at 893.  Others, including employees of defendant, had access to the online

data room and they could be asked whether they became aware of the documents giving them

notice to the exposure at issue in this case.  At this time, it is more prejudicial to defendant to be

deprived of its choice of trial counsel than to have plaintiff test its theory of necessity to call as

witnesses attorneys from defendant's firm.  The Court declines to disqualify these two attorneys,

or the firm Pepper Hamilton, at this time.  As facts are developed and if the disqualification

standards are met, this issue may be revisited.

II.      Scheduling Conference

Having resolved the representation issue, the Scheduling Conference can be reset.  The

Scheduling Conference in this action will be held on **Tuesday, March 24, 2009, at 11:00 a.m.**,

before the undersigned.  This will allow time for the parties to conduct a meaningful Rule 26(f)

conference in anticipation of the Scheduling Conference (cf. Ferdman letter of Dec. 30, 2008).

CONCLUSION

Upon the joint application of Brian A. Berkley, Esq., and Larry R. Wood, Jr., Esq., to appear pro hac vice in this action as counsel for defendant (Docket No. 9) and supporting papers and the Certificate of Service stating service upon all other parties, the motion has been deemed submitted and, for the reasons stated above, is hereby **GRANTED**.

It is ordered that ***upon the payment of the admission fee pursuant to Rule 83.1(l) of the Local Rules of Civil Procedure for the Western District of New York (of $75.00) and registration with the Court's Electronic Case Filing system ("ECF")***, Brian A. Berkley, Esq., and Larry R. Wood, Jr., Esq., may appear herein on behalf of defendant Longyear Holdings, Inc.

The Scheduling Conference in this action will be held on **Tuesday, March 24, 2009, at 11:00 a.m.**, before the undersigned.

So Ordered.

/s/ Hugh B. Scott

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 29, 2009

8