UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALLIANCE INDUSTRIES, INC.,

                          Plaintiff,                                    **Hon. Hugh B. Scott**

                                                                        08CV490S

                                                                        **Order**

                    v.



LONGYEAR HOLDING, INC.,

                          Defendant.



Before the Court is the latest motion of plaintiff/counterclaim defendant Alliance

Industries ("Alliance") to compel (Docket No. 63[1]; cf. Docket No. 44 (plaintiff's motion for

extension of time and to compel discovery)).  Alliance also moved for an expedited hearing

(Docket No. 64; cf. Docket No. 45), which the Court granted in part by holding Scheduling Order

deadlines in abeyance pending resolution of Alliance's motion (Docket No. 65); this Order also

considers amending the present schedule.  Responses to Alliance's latest motion were due on or

before May 14, 2010, with any reply due on or before May 26, 2010, and that motion was then

deemed submitted (without oral argument) on May 26, 2010 (id.).

---

[1]In support of this motion, plaintiff submits its attorneys' joint affirmation, with exhibits;
the affidavits of Curtis Lloyd, Orson Madsen, and Doug McLean; the declaration of Ann Belin
(on the attempts to locate Susan Wheeler, see Docket No. 63, Pl. Attys' Affirm. ¶ 50), Docket
No. 63; and reply memorandum of law, Docket No. 68, as well as its motion for expedited
hearing, Docket No. 64.
      In opposition, defendant submits its attorney's affirmation with exhibits (including
materials filed under seal), Docket No. 67; and its memorandum of law, Docket No. 66.

In a previous Order, this Court granted in part plaintiff's motion for extension of the Scheduling Order to complete discovery and granted defendant's cross motion for a protective Order (Docket No. 62); familiarity with that (and prior Orders) is presumed.

BACKGROUND

This is a diversity stockholders' suit arising from the purchase of stock in a corporation to acquire its subsidiary and subsequent disposition of funds in an escrow account created as part of the transaction (see Docket No. 1, Compl.). As summarized in an earlier motion (see Docket No. 23, Order at 2; see also Docket No. 9 (motion)), Alliance alleged that Longyear

> "has articulated two claims against millions of dollars in escrow funds that were due to be released to Alliance on or about April 30, 2008. In wrongfully asserting its claim to the escrow funds, the defendant has maintained that Alliance failed to make it aware of certain facts and information during the course of the due diligence phase prior to the consummation of the underlying transaction on December 6, 2006"

(Docket No. 11, Pl. Atty. Affirm. ¶ 7). Longyear negotiated to acquire Alliance's subsidiary, Prosonic Corporation. Through its attorneys, Longyear was given access to an online "data room" of documents produced during the due diligence phase and negotiation of the deal. One set of documents disclosed that Prosonic's employee health care costs were capped at one figure but, subsequent to acquiring Prosonic, Longyear learned that Prosonic paid an employee twice the capped maximum to care for that employee's child due to a catastrophic illness. (Docket No. 1, Compl. ¶¶ 10-12, 20, 44-52; Docket No. 12, Ans. ¶¶ 87-91, 93-95, 97, Ex. C; Docket No. 31, Pl. Atty. Aff. ¶¶ 3-7, Ex. 1). Alliance claims that Longyear breached the stock purchase agreement by not making a claim against an insurance policy for this loss (Docket No. 1, Compl. ¶ 48). Alliance claims that it sustained damages and seeks specific performance and a

declaration requiring release of the remainder of the deposit in the escrow account (id. ¶ 52).

Alliance claims that Longyear breached its obligation under the stock purchase agreement to

notify Alliance of the Florida tax audit of Prosonic for tax years 2004 through 2006 (Docket No.

1, Compl. ¶¶ 20, 38-41, 43).

Longyear answered and asserted Counterclaims (Docket No. 12); Alliance in turn filed its

Reply to the Counterclaims (Docket No. 17).  On June 24, 2009, Alliance then moved to amend

this Reply to assert an additional affirmative defense (Docket No. 31, Pl. Atty. Aff. ¶¶ 2, 8, 9,

Ex. 2), which was granted (Docket No. 37), and Alliance filed its amended Reply on (Docket

No. 38).

The Court entered (Docket No. 27) and later amended (Docket No. 43) the Scheduling

Order, with discovery due to be completed by February 24, 2010, and dispositive motions by

May 25, 2010 (Docket Nos. 27, 43).  The Order granting Alliance's motion for extension of

discovery period extended discovery to April 15, 2010 but retained the subsequent deadlines

(Docket No. 62, Order at 10).

*Alliance's Motion to Compel*

On April 12, 2010, Alliance seeks complete responses to certain interrogatories it posed;

documents responsive to its second document demand and a privilege log of documents

Longyear withheld as privileged; documents requested during the Rule 30(b)(6) depositions of

Colin Seegmiller and Todd Hendricksen and the deposition of Ira Kane, a Longyear employee;

and production of a Rule 30(b)(6) representative knowledgeable of tax benefits sought and

received by Longyear, aside from Seegmiller (Docket No. 63, Pl. Attys' Jt. Affirm. ¶ 5; see

Docket No. 68, Pl. Reply at 1-2).  Alliance previously had moved to compel the deposition of a

Rule 30(b)(6) representative of Longyear (see Docket No. 44), which was deemed to be moot

given the scheduled deposition of Seegmiller (see Docket No. 62, Order at 10-11).  But during

Seegmiller's deposition, he testified that he did not have knowledge about the tax benefits sought

or actually received by Longyear (Docket No. 63, Pl. Attys' Jt. Affirm. ¶ 5d.)[2].

Defendant Longyear contends that it provided the relevant and requested items, that

Alliance failed to communicate with Longyear to avoid this motion practice, Alliance had not

articulated how the items sought are relevant to a claim or defense or specified what it sought,

and Alliance waited past the motion to compel deadline to file at "the eleventh hour" (Docket

No. 66, Def. Memo. at 1).  Longyear argues that the Court should protect it from abusive

litigation tactics of duplicative discovery by different means, the deposition of corporate

representatives and interrogatories (id. at 12-14).  Alliance counters that, while there is some

overlap in its discovery, Longyear fails to show any duplicative production by indicating that the

same materials were produced by different means (Docket No. 68, Pl. Reply Memo. at 4-5).

Alliance in its reply reiterates that Longyear has failed to properly or fully respond to the

pending interrogatories and document demands (id. at 5-10, 10-13).

The details of the remaining controverted discovery is discussed below.

---

[2]Plaintiff also sought the deposition of a nonparty witness, Susan Wheeler, with permission of the Court to depose her within 100 miles of her Salt Lake City, Utah, home, Docket No. 63, Pl. Attys' Jt. Affirm. ¶ 6.  Upon completion of Wheeler's deposition following the filing of this motion, Alliance withdrew this portion of its motion to compel seeking the scheduling of this deposition, Docket No. 68, Pl. Reply Memo. at 3.

DISCUSSION

I.      Plaintiff's Motion to Compel

Discovery under the Federal Rules is intended to reveal relevant documents and

testimony, but this process is supposed to occur with a minimum of judicial intervention.  See

8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure

§ 2288, at 655-65 (Civil 2d ed. 1994).  Rule 37(a) allows a party to apply to the Court for an

order compelling discovery, with that motion including a certification that the movant in good

faith conferred or attempted to confer with the party not making the disclosure to secure that

disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).

Both sides have alleged that the other has acted in bad faith or otherwise accused each

other of engaging in ad hominem attacks (compare Docket No. 66, Def. Memo. at 1 with Docket

No. 68, Pl. Reply Memo. at 2-3).  The purpose of the certification process described above is to

avoid such acrimony, as well as the delay, in the straight forward matter of production of

discovery.  As the parties well know and a review of the docket reveals, this case has been

littered with motions and counter motions (see Docket Nos. 9, 31, 39, 44, 45, 49, 53).

A.      Answers to Interrogatories

Alliance asked in its Interrogatories whether Longyear received any insurance proceeds or

tax benefits concerning its indemnification claim; describe communications, prior to April 25,

2008, regarding the Florida tax audit; describe the factual and legal basis for entitlement to

punitive damages; identify each fact that supports Longyear's contention that Alliance

intentionally failed to disclose information about the health claims of Christian Hall; and identify

the date Longyear gave notice to Alliance of the Florida tax audit Docket No. 63, Pl. Attys' Jt.

Affirm. ¶ 15). The terms of the Stock Purchase Agreement provided that the amount of indemnification claimed by Longyear was to be reduced by "any insurance proceeds and Tax benefits actually received on account thereof" (id. ¶ 28 (quoting Stock Purchase Agreement section 6.4(c)).

Instead of answering these Interrogatories, Longyear raised objections and refer to the testimony of its Rule 30(b)(6) representative (id. ¶¶ 16-19). Alliance rejects Longyear's counsel's April 7, 2010, letter as being an insufficient answer to its Interrogatories and not verified by the party (id. ¶¶ 20-23, Ex. H), see Fed. R. Civ. P. 33(b)(3). Longyear responds that it answered these Interrogatories, either in written answers or in testimony from its Rule 30(b)(6) representatives (Docket No. 66, Def. Memo. at 5-11), noting that Alliance fails to mention Interrogatory 2, which it initially claims was insufficiently answered (id. at 9). Longyear claims that it met its burden of production by providing specific, Bates-numbered references to relevant documents and (all things being equal) Alliance had the burden then of compiling the information from the cited documents (id. at 13-14).

Interrogatories are to be answered by "any officer or agent" of a corporate party "who must furnish the information to the party," Fed. R. Civ. P. 33(b)(1)(B). The unsworn letter of Longyear's counsel will not suffice as answers to Interrogatories. For the remaining outstanding Interrogatories, that is Numbers 1, 3, 4, and 5, Longyear is to give complete answers, even if they refer to documents and testimony already provided to date in this action. Alliance's motion to compel this discovery is **granted**.

B.      Document Production and Privilege Log

Alliance seeks documents from its second demand and a privilege log for withheld

documents.  In particular, Alliance seeks Longyear's 2005-08 federal and state tax returns, the

tax returns for Prosonic for the same tax years and jurisdictions, documents evidencing insurance

proceeds or tax benefits actually received concerning the claim for indemnification, enrollment

forms for Prosonic employee James Hall and his dependents into the company's health insurance

plan on or after January 2007, and Longyear's employee e-mail access policy (including access to

Prosonic employees' e-mails prior to and after the December 6, 2006, closing) (Docket No. 63,

Pl. Attys' Jt. Affirm. ¶ 24).  Longyear produced tax returns for only 2007 and 2008, with

Alliance believing that Longyear is delaying or avoiding disclosure until the final moments of

discovery (id. ¶ 25).  Alliance also seeks documents requested during the depositions of

Longyear's Rule 30(b)(6) representatives Seegmiller and Henriksen and the deposition of Ira

Kane (Docket No. 63, Pl. Attys' Jt. Affirm. ¶¶ 37, 39, 41).

Longyear asserts that it produced responsive documents (even where the requests sought

materials not relevant to the time frame of this case) (Docket No. 66, Def. Memo. at 15-16, 20,

16 n.14).  As for what Longyear terms Alliance's Third and Fourth Sets of Document Requests,

these were not Rule 34 document requests, hence are not subject to a motion to compel under

Rule 37 (id. at 17, 19-20, 14 n.13, 17 n.16), see Bermudez v. Duenas, 936 F.2d 1064, 1068 (9th

Cir. 1991) (motion to compel premature where there was no request for production pursuant to

Rule 34); Rhea v. Uhry, No. 3:05CV189 (RNC), 2006 U.S. Dist. LEXIS 74917, at *1-2 (D.

Conn. Oct. 16, 2006) (motion to compel not ripe absent service of request pursuant to Rule 34).

Longyear also terms this "Third" Set of Document Requests to be duplicative of prior demands

(id. at 18). Alliance responds that document demands made during a deposition, followed by a letter from counsel, provides the same notice that is required under Rule 34 to be enforceable in a motion to compel (Docket No. 68, Pl. Reply Memo. at 13), see Employers Ins. Co. of Wausau v. Nationwide Mut. Fire Ins. Co., No. CV 2005-0620, 2006 U.S. Dist. LEXIS 23419, at *5-6 (E.D.N.Y. Apr. 26, 2006). These documents either are those identified by witnesses at their deposition as necessary to answer the questions posed, or were reviewed by a Rule 30(b)(6) representative in preparation for the examination (id. at 14).

As for Alliance's second demand and the request for a privilege log, that motion is **granted**. As for its requests for documents requested during the depositions of Longyear's Rule 30(b)(6) representatives and other deponents, those requests are also **granted**.

C.      Production of Tax Knowledgeable Rule 30(b)(6) Representative

Alliance next seeks Longyear to produce another representative with knowledge of the tax benefits sought and/or actually received by Longyear concerning its claims for indemnification under the Stock Purchase Agreement (Docket No. 63, Pl. Attys' Jt. Affirm. ¶ 5d.) and seeks an examination beyond the discovery deadline (id. ¶ 6). Given the consideration of this motion, any examination now would be beyond the discovery deadlines previously set; this Order below will set a new, final discovery schedule.

Alliance rejects Longyear's arguments that whether Longyear received a tax benefit is irrelevant since Alliance cites section 6.4(c) in its Complaint (Docket No. 63, Pl. Attys' Jt. Affirm. ¶ 29; see Docket No. 1, Compl. ¶ 43, Attach. 1), and that Alliance needs to investigate this to reduce or offset Longyear's counterclaim (Docket No. 63, Pl. Attys' Jt. Affirm. ¶ 30). Alliance asked the propounded Rule 30(b)(6) representative, Mr. Seegmiller, who had limited

knowledge about whether Longyear sought or obtained tax benefits (id. ¶ 32, Ex. G, Seegmiller EBT Tr. at 166-67, 160, 161-62, 162-63), or was unresponsive (id. ¶ 35 & n.2).

Longyear argues that it produced a representative knowledgeable of the subjects specified in Alliance's Rule 30(b)(6) notice and Alliance is now moving to compel because it does not like the answer given by that representative (Docket No. 66, Def. Memo. at 21). Further, answers about whatever tax benefit Longyear may have taken were answered by review of produced tax returns for 2007 and 2008 and supporting documents and did not require producing a further representative (id. at 22).

The Court reviewed portions of Seegmiller's testimony at issue in this motion (Docket No. 63, Pl. Attys' Jt. Affirm. ¶ 32, Ex. G, Seegmiller EBT Tr. at 166-67, 160, 161-62, 162-63) and his answers were contingent upon his review of Longyear's financial records for the tax years in questions to determine the characterization of the transactions questioned by Alliance. Alliance was asking whether certain categories of transactions were deducted on Longyear's Florida taxes. While this information is relevant to the claims and counterclaims in this action, Longyear's representative answered the questions to the best of his knowledge. Both parties are bound to these answers; Alliance's motion to compel production of yet another representative is **denied**.

II.    Motion Expenses

Given the overall result of plaintiff's motion discussed above that some relief was granted and some denied, under Rule 37(a)(5)(C), the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Therefore, plaintiff has until **August 3, 2010**, to submit a fee application for the portions of its motion in which it prevailed;

defendant may respond to this application by **August 13, 2010**, and the Court will deem the application submitted as of August 16, 2010.

III.     Scheduling Order

When the motions to compel and for expedited hearing were filed, the Court denied in part Alliance's motion for expedited hearing in lieu of holding the Scheduling Order (see Docket Nos. 62, 27, 43) deadlines in abeyance pending resolution of the motion to compel (Docket No. 65).  Having resolved the motion to compel above, next a new schedule for completion of this remaining discovery and subsequent events needs to be set.

Discovery is to be completed by **September 20, 2010**, or 60 days after entry of this Order; dispositive motions are to be filed by **December 20, 2010**, or 90 days after the discovery deadline set herein.  If motions are not filed, Pretrial Statements are due by **February 4, 2011**, or 45 days after the dispositive motion deadline, and the Final Pretrial Conference before Chief Judge Skretny will be held on **Wednesday, February 23, 2011, at 9 am**.  The Bench Trial of this action would commence before the Chief Judge on **Tuesday, April 26, 2011, at 9 am**.

CONCLUSION

For the reasons stated above, plaintiff, counter-defendant Alliance Industries' motion to compel (Docket No. 63) is **granted in part, denied in part (denying ordering another Rule 30(b)(6) representative for defendant Longyear Holding, Inc.)**.  Plaintiff is to submit its application for the portion of its reasonable motion expenses for partially prevailing in this motion by **August 3, 2010**; defendant may respond by **August 13, 2010**, and this application will be deemed submitted as of August 16, 2010.  Plaintiff's motion for an expedited hearing (Docket No. 64**) is denied as moot**.

The Scheduling Order as amended (Docket Nos. 27, 43, 62), is further amended as follows (and as described above): Discovery is to be completed by **September 20, 2010**; dispositive motions are to be filed by **December 20, 2010**; if motions are not filed, Pretrial Statements are due by **February 4, 2011**; the Final Pretrial Conference before Chief Judge Skretny will be held on **Wednesday, February 23, 2011, at 9 am**; and the Bench Trial of this action would commence before the Chief Judge on **Tuesday, April 26, 2011, at 9 am**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
July 21, 2010