```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

ALLIANCE INDUSTRIES, INC.,

                  Plaintiff,                   **Hon. Hugh B. Scott**

                                              08CV490S

                                              **Order**

                  v.

LONGYEAR HOLDING, INC.,

                  Defendant.

      Before the Court is the latest motion of plaintiff/counterclaim defendant Alliance Industries ("Alliance") to compel (Docket No. 63[1]; cf. Docket No. 44 (plaintiff's motion for extension of time and to compel discovery)). This Court granted, in part, Alliance's motion to compel and scheduled briefing on discovery sanctions (Docket No. 69). As with the prior Orders entered in this case, the parties' familiarity with them is presumed.

      Now before the Court are two follow up motions. One, defendant/counterclaim plaintiff Longyear Holdings, Inc. ("Longyear"), moves for reconsideration of so much of the Order compelling it to "further answers to Interrogatories Nos. 1, 3, 4, and 5" (Docket No. 72). Two,

---

[1]In support of this motion, plaintiff submits its attorneys' joint affirmation, with exhibits; the affidavits of Curtis Lloyd, Orson Madsen, and Doug McLean; the declaration of Ann Belin (on the attempts to locate Susan Wheeler, see Docket No. 63, Pl. Attys' Affirm. ¶ 50), Docket No. 63; and reply memorandum of law, Docket No. 68, as well as its motion for expedited hearing, Docket No. 64.
    In opposition, defendant submits its attorney's affirmation with exhibits (including materials filed under seal), Docket No. 67; and its memorandum of law, Docket No. 66.

Alliance submitted its fee application (Docket No. 71). Briefing for both motions had them submitted by August 16, 2010 (see Docket No. 69, Order at 9-10; Docket No. 73).

BACKGROUND

This is a diversity stockholders' suit arising from the purchase of stock in a corporation to acquire its subsidiary and subsequent disposition of funds in an escrow account created as part of the transaction (see Docket No. 1, Compl.).

*Alliance's Motion to Compel*

On April 12, 2010, Alliance sought complete responses to certain interrogatories it posed; documents responsive to its second document demand and a privilege log of documents Longyear withheld as privileged; documents requested during the Rule 30(b)(6) depositions and the deposition of a Longyear employee; and production of a Rule 30(b)(6) representative knowledgeable of tax benefits sought and received by Longyear, aside from the person produced (Docket No. 63, Pl. Attys' Jt. Affirm. ¶ 5; see Docket No. 68, Pl. Reply at 1-2).

Longyear responded (among other arguments) that it provided the relevant and requested items, that Alliance failed to communicate with Longyear to avoid this motion practice, Alliance had not articulated how the items sought were relevant to a claim or defense or specified what it sought (Docket No. 66, Def. Memo. at 1). Alliance, in its reply, reiterated that Longyear has failed to properly or fully respond to the pending interrogatories and document demands (Docket No. 68, Pl. Reply Memo. at 5-10, 10-13).

The Court granted Alliance's request to answer its Interrogatories Numbers 1, 3, 4, and 5, with a response from Longyear's officer or agent giving "complete answers, even if they refer to documents and testimony already provided to date in this action" (Docket No. 69, Order at 6).

The Court also set an application and briefing schedule for Alliance's application for its reasonable motion expenses for its prevailing portions of its motion (id. at 9-10).

*Longyear's Motion for Limited Reconsideration*

Longyear asks the Court to reconsider that portion of the Order compelling it to answer the disputed Interrogatories, arguing that a verified answer to them was provided by Longyear (Docket No. 72, Def. Motion at 3). Todd Henriksen, Longyear's Global Director, Human Resources Compensation and Benefits, signed two verifications to Longyear's Interrogatory answers (id. at 2; Docket No. 67, Def. Atty. Affirm. ¶ 20, Exs. K, L (second verification adopting statements in counsel's letter)).

Alliance, however, disputes whether the answers were complete and that its sole objection was not whether those answers were verified (Docket No. 74, Pl. Attys. Jt. Affirm. ¶¶ 4-7), noting that the other discovery compelled by the Order had yet to be produced (id. ¶¶ 3, 10-12, Exs. A, B). Alliance now seeks a date certain for Longyear to comply with the Order (id. ¶ 14).

*Alliance's Fee Application*

Alliance's counsel for its claims (Rupp, Baase, Pfalzgraf, Cunningham & Coppola, LLC, hereinafter "Rupp") and for a defense against Longyear's counterclaims (Nixon, Peabody) submitted a joint application for Alliance's reasonable motion costs, noting that both sets of counsel worked cooperatively to avoid duplication of efforts (Docket No. 71, Pl. Attys. Jt. Affirm. ¶¶ 7-8, 11). Rupp claims a total of $6,462.50 for preparing moving papers and reviewing and replying to Longyear's responses for 23.5 hours of work; Nixon Peabody claims a total of $6,340.00 for 26.7 hours of similar activities (14.5 hours by the counsel, 10.7 hours by an

3

associate, and 1.5 hours by the paralegal) (id. ¶¶ 13-16).  Alliance claims a total of both firms of $12,802.50 (id. ¶ 17).  As for apportioning the percentage in which Alliance prevailed to recover, Alliance claims 90%, since the only relief denied was the examination of another Rule 30(b)(6) representative (id.).

Both firms state the hours preformed, either by partners or counsel in the firm or by a paralegal (id. ¶ 12) but did not state the respective rates for these persons or the individual attorneys' or paralegal's experience.  They do note the firms' relative experiences, both claiming to be firms with substantial histories in sophisticated commercial litigation practices (see id. ¶¶ 7, 8).

Longyear first argues that Alliance is not entitled to recover any reasonable fee award at all.  It next disputes how much Alliance prevailed, arguing that at best Alliance prevailed at 25-50% rather than 90% claimed, based upon the number of pages Alliance used to argue for the relief sought.  (Docket No. 75, Def. Atty. Affirm. ¶¶ 8-9, 4-5, 10-11, 15, 17, 30-35.)  Longyear argues that it was substantially justified in opposing Alliance's original motion to compel, thus not warranting discovery sanctions (id. ¶¶ 18-29).

## DISCUSSION

The Court first addresses Longyear's reconsideration motion because it has an impact upon the discovery sanction authorized in the original compulsion Order (see id. ¶ 17 n.3), since Alliance prevailed only in part any diminution of the relief Alliance obtained should reflect in the sanction award it should receive.

I.       Reconsideration

There is no formal rule for reconsideration and it is based upon the Court's discretion, cf. Fed. R. Civ. P. 60(b). As noted by Longyear (Docket No. 72, Def. Motion at 2), courts have reconsidered where a controlling decision or data has been overlooked "'that might reasonably be expected to alter the conclusion reached by the court,'" Applewhite v. Sheahan, No. 08CV6045, 2010 U.S. Dist. LEXIS 14559, at *2 (W.D.N.Y. Feb. 19, 2010) (Siragusa, J.)(quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Here, the Court recognized two deficiencies in Longyear's answers to these Interrogatories, first that they appeared to be unverified by an officer or agent of that corporation (instead, responded to merely by their attorney's letter) and that the responses were deemed incomplete and insufficient by Alliance (Docket No. 69, Order at 6). On reconsideration, Longyear's present objection addresses only the first point, that subsequent verified answers were served (id.). That, however, does not cure the substantive objection that the answers were incomplete.

Longyear's motion for reconsideration (Docket No. 72) on this limited point is **denied**.

II.      Timing For Longyear's Response

In responding to Longyear's reconsideration motion, Alliance notes that the discovery sought in its motion to compel (and ordered compelled by this Court) had yet to be produced and Alliance seeks a deadline for Longyear to produce. The Court presumed that production (in addition to the answers to Interrogatories, further document production, production of a privilege log) would occur forthwith the entry of that Order. To be clear, Longyear shall complete the compelled production by **September 15, 2010**. The discovery deadline and remaining

Scheduling Order deadlines (Docket No. 69, Order at 10, 11; Docket No. 70, Amended Scheduling Order, at 10, 11) shall **remain as ordered**.

III.    Motion Expenses

Alliance was to submit its application for the portion of its reasonable motion expenses for partially prevailing in its motion to compel (gaining compelled answers to Interrogatories, production of documents identified during depositions, and production of a privilege log, see Docket No. 69, Order at 6-9). Since it only obtained some of the relief sought and some was denied (Alliance was denied an examination of another Rule 30(b)(6) tax representative of Longyear[2]), under Rule 37(a)(5)(C), the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Alliance had the two-fold task of identifying its reasonable motion expenses and determining which portion of those expenses should be recovered for where it prevailed (see id. at 9).

Imposition of Rule 37(a)(5) sanctions for failure to comply with discovery demands must be weighed in light of the full record. See Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). This Court has wide discretion to impose sanctions. See Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999), cert. denied, 528 U.S. 1119 (2000). Where, as here, only partial relief was granted "the court may issue any protective order authorized by Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion," Fed. R. Civ. P. 37(a)(5)(C).

---

[2]Longyear also notes that Alliance sought the compelled deposition of Susie Wheeler, but that was not ordered by the Court because Alliance obtained that testimony through the cooperation of Longyear, Docket No. 75, Def. Atty. Affirm. ¶¶ 11, 14.

Under Rule 37, the movant is entitled to <u>reasonable</u> costs and attorneys' fees. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2288, at 666-67 (Civil 2d ed. 1994); <u>see also</u> <u>Addington v. Mid-American Lines</u>, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client (especially where, as here, the client may never be billed due to the fee arrangement counsel has with the client) related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. <u>See</u> <u>Kahn v. General Motors Corp.</u>, No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," <u>see</u> <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, <u>Johnson v. the Bon-Ton Stores</u>, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); <u>Monahan v. SZS 33 Assocs., L.P.</u>, 154 F.R.D. 78, 83 (S.D.N.Y. 1994) (applying lodestar method to determining attorney's fee for Rule 37(a)(4)(A) relief); <u>New York State NOW v. Cuomo</u>, No. 93 Civ. 7146, 1996 U.S. Dist. LEXIS 17578, at *4 (S.D.N.Y. Nov. 26, 1996) (Francis, Mag. J.) (same); <u>see</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney.

The last component for determining the reasonable motion expenses are the other motion expenses incurred. In calculating the "presumptively reasonable fee" this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111. The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 Moore's Federal Practice--Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11. It is within this Court's discretion to determine the reasonableness of those rates based on the Court's knowledge of prevailing community rates and the relative experience of counsel, Creative Res. Group of N.J., Inc. v. Creative Res. Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002) (Wall, Mag. J.) (Report & Recommendations, citation omitted); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

First, the Court will address the reasonable motion expenses in general and, second (if necessary), the percentage of that amount that is attributable to where Alliance prevailed.

The sole motion expenses sought here are Alliance's attorneys' fees from its two law firms. Unfortunately, these firms did not give the hourly rates they charged for their partner, of counsel attorney, associate, or paralegal, invoking their attorney-client and work product privileges from disclosing actual billing records (Docket No. 71, Pl. Attys. Jt. Affirm. ¶ 10). Alliance then has only given the Court two items in the equation, the time expended and the total amount charged, and not the rate charged. While Rupp's rate could be determined by dividing the amount charged by the hours claimed by the partner, this assumes that the same partner performed these services or these services were performed at a single partner rate. Such mathematical reverse engineering cannot be done for the Nixon Peabody portion of the expenses,

8

since four different members of the firm or employees worked on this motion, presumably at different (but again undisclosed) rates. Longyear's objections do not go to this point.

On this record, the Court cannot determine whether the rates charged are reasonable. The burden is upon Alliance to furnish this rate information in order for the Court to determine that rate is reasonable. Therefore, based solely upon the present record, Alliance's application is **denied at this time, without prejudice** for Alliance to renew its application with sufficient supporting material. Given this denial, the Court does not consider either Longyear's objections to awarding reasonable motion expenses at all or apportioning the recoverable amount of the expenses sought.

## CONCLUSION

For the reasons stated above, the motion for limited reconsideration by defendant/counterclaim plaintiff Longyear Holdings, Inc. (Docket No. 72) is **denied**. Upon plaintiff/counterclaim defendant Alliance Industries' request for a definitive production date for its compelled discover (Docket No. 74, Pl. Attys. Jt. Affirm. ¶ 14), Longyear has until **September 15, 2010**, to complete its production. The remaining Scheduling Order deadlines, as amended (Docket No. 70, Docket No. 69, Order at 10-11), remain as previously set.

Alliance's fee application (Docket No. 71) is **denied without prejudice**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
August 24, 2010

9