UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALLIANCE INDUSTRIES, INC.,

                            Plaintiff,

v.

LONGYEAR HOLDING, INC.,

                            Defendant.

**Hon. Hugh B. Scott**

08CV490S

**Order**

Before the Court is the latest motion of plaintiff/counterclaim defendant Alliance Industries ("Alliance") to compel (Docket No. 63; cf. Docket No. 44 (plaintiff's motion for extension of time and to compel discovery)). This Court granted, in part, Alliance's motion to compel and scheduled briefing on discovery sanctions (Docket No. 69[1]). Alliance then filed its application to recover its reasonable motion expenses associated with that motion (Docket No. 71[2]). Meanwhile, defendant/counterclaim plaintiff Longyear Holdings, Inc. ("Longyear"), moved for reconsideration of so much of the Order compelling it to furnish "further answers to Interrogatories Nos. 1, 3, 4, and 5" (Docket No. 72). This Court denied Longyear's motion for reconsideration and set a deadline for completion of production compelled in the earlier Order (Docket No. 76). That Order also denied, without prejudice, Alliance's application to recover its

---

[1] This Order also set an amended schedule for the action, see also Docket No. 70.

[2] In support of that motion, plaintiff submitted its attorneys' joint affirmation, Docket No. 71. In opposition, defendant submitted its attorney's affirmation, Docket No. 75.

motion costs because the record presented therein did not provide sufficient support for the requested fee (id. at 6-9).

Alliance then renewed its fee application (Docket No. 77[3]), submitting some substantiation for the fee sought, including billing rates. Alliance also incorporates the initial application (Docket No. 71) in support of this renewed request (Docket No. 77, Notice of Motion at 2; id., Pl. Attys. Jt. Affirm. ¶ 4). Responses to this renewed fee application were due by September 23, 2010, and any reply by October 1, 2010, with the fee application deemed submitted (without oral argument) on October 1, 2010 (Docket No. 78).

As with the prior Orders entered in this case, the parties' familiarity with them is presumed.

BACKGROUND

This is a diversity stockholders' suit arising from the purchase of stock in a corporation to acquire its subsidiary and subsequent disposition of funds in an escrow account created as part of the transaction (see Docket No. 1, Compl.).

*Alliance's Motion to Compel*

On April 12, 2010, Alliance sought complete responses to certain interrogatories it posed; documents responsive to its second document demand and a privilege log of documents Longyear withheld as privileged; documents requested during the Rule 30(b)(6) depositions and the deposition of a Longyear employee; and production of a Rule 30(b)(6) representative

---

[3] In support of this motion, plaintiff submits its application and its attorneys' joint affirmation, Docket No. 77, as well as incorporating the initial motion by reference, see id. Pl. Attys. Jt. Affirm. ¶ 4. In opposition, defendant submits its attorney's affirmation with exhibits, Docket No. 79, as well as its opposition to the initial application also by reference, see id., Def. Atty. Affirm. ¶¶ 4, 10.

knowledgeable of tax benefits sought and received by Longyear, aside from the person produced (Docket No. 63, Pl. Attys' Jt. Affirm. ¶ 5; see Docket No. 68, Pl. Reply at 1-2).

Longyear responded (among other arguments) that it provided the relevant and requested items, that Alliance failed to communicate with Longyear to avoid this motion practice, Alliance had not articulated how the items sought were relevant to a claim or defense or specified what it sought (Docket No. 66, Def. Memo. at 1). Longyear also pointed out that it assisted Alliance in locating for deposition a former Longyear employee who now resides in Utah (see Docket No. 69, Order of July 21, 2010, at 4 n.2). Alliance, in its reply, reiterated that Longyear has failed to properly or fully respond to the pending interrogatories and document demands (Docket No. 68, Pl. Reply Memo. at 5-10, 10-13).

The Court granted Alliance's request to answer its Interrogatories Numbers 1, 3, 4, and 5, with a response from Longyear's officer or agent giving "complete answers, even if they refer to documents and testimony already provided to date in this action" (Docket No. 69, Order at 6). The Court also set an application and briefing schedule for Alliance's application for its reasonable motion expenses for its prevailing portions of its motion (id. at 9-10).

*Alliance's Fee Application*

Alliance's counsel for its claims (Rupp, Baase, Pfalzgraf, Cunningham & Coppola, LLC, hereinafter "Rupp") and for a defense against Longyear's counterclaims (Nixon, Peabody) then submitted a joint application for Alliance's reasonable motion costs, noting that both sets of counsel worked cooperatively to avoid duplication of efforts (Docket No. 71, Pl. Attys. Jt. Affirm. ¶¶ 7-8, 11). Rupp claims a total of $6,462.50 for preparing moving papers and reviewing and replying to Longyear's responses for 23.5 hours of work; Nixon Peabody claims a total of

$6,340.00 for 26.7 hours of similar activities (14.5 hours by the counsel, 10.7 hours by an associate, and 1.5 hours by the paralegal) (id. ¶¶ 13-16). Alliance claims a total of both firms of $12,802.50 (id. ¶ 17), waiving recovery of its deemed negligible disbursements (id. ¶ 5). As for apportioning the percentage in which Alliance prevailed to recover, Alliance claims 90%, since the only relief denied was the examination of another Rule 30(b)(6) representative (id. ¶ 17).

Longyear first argued that Alliance is not entitled to recover any reasonable fee award at all, that Alliance failed to establish that Longyear's objections to disclosure were abusive or frivolous and that Longyear was substantially justified in objecting (Docket No. 75, Def. Atty. Affirm. ¶¶ 4, 8-9, 18-29). It next disputes how much Alliance prevailed, arguing that at best Alliance prevailed at 25-50% rather than 90% claimed, based upon the number of pages Alliance used to argue for the relief sought (id. ¶¶ 4-5, 10-11, 15, 17). Longyear concludes that shifting fees here would be unjust (id. ¶¶ 30-35).

*Alliance's Renewed Application*

After the Court rejected this initial application because it failed to disclose the rates charged for the legal work claimed for this motion, Alliance submitted a new application (Docket No. 77) with more supporting information. Rupp Baase had one partner, Lisa Coppola[4], working on this case, claiming an hourly rate of $275 per hour, her usual and customary rate (Docket No. 77, Pl. Attys' Jt. Affirm. ¶ 8), while Nixon Peabody[5] charged a special, reduced rate of $250

---

[4]Coppola is a litigation partner at Rupp Baase with over 20 years experience in litigating business matters, Docket No. 77, Pl. Attys' Jt. Affirm. ¶ 8.

[5]Nixon Peabody counsel Laurie Styka Bloom has over 26 years experience in business litigation, while fifth year associate Tracey Ehlers worked on this matter as well as paralegal Anne Belin, an eight-year employee of the firm, Docket No. 77, Pl. Attys' Jt. Affirm. ¶¶ 9-10.

per hour for its attorneys' work and a special rate of $100 per hour for its paralegal's time (id. ¶¶ 9-10). Alliance contends that these rates are commensurate with those charged in this legal community (id. ¶¶ 8, 9, 10). It notes that it did not increase its claim due to incurring additional costs in defending Longyear's reconsideration motion (id. ¶ 12). Alliance concludes that the rate charged is reasonable (id. ¶ 11). Alliance reaffirmed the break down of services rendered to it by these firms in making and arguing the motion to compel (id. ¶ 14; see Docket No. 71, Pl. Attys' Jt. Affirm. ¶ 12), seeking $12,802.50 or at least 90% of that amount given that it prevailed over most of its motion (Docket No. 77, Pl. Attys' Jt. Affirm. ¶ 19), save only not obtaining a further Rule 30(b)(6) deposition (see Docket No. 77, Pl. Attys' Jt. Affirm. ¶ 17).

Alliance again did not seek to recover its motion disbursement expenses as they were negligible (cf. Docket No. 71, Pl. Attys' Jt. Affirm. ¶ 5; see also Docket No. 77, Pl. Appl. at 2 (incorporating prior application by reference)).

Longyear incorporates its earlier arguments against ordering any fee award as being unjust in this case (Docket No. 79, Def. Atty. Affirm. ¶¶ 4, 10; see generally Docket No. 75, Def. Atty. Affirm.) Longyear, in particular, points out an instance when Alliance moved to compel discovery when its demand had only been received (but not acted upon due to holidays) for sixteen business days (Docket No. 79, Def. Atty. Affirm. ¶¶ 5-7). The documents sought were documents evidencing compensation for former Prosonic Corporation president Ira Kane in 2005 and 2006, which Longyear argued were already produced (id. ¶¶ 5, 7), but (pursuant to the Order compelling discovery) Longyear and Kane searched their records further and found income tax statements from Kane responsive to this demand (id. ¶ 9, Ex. B (later filed under seal)). Longyear also argues that attorneys' fees may not be appropriate as a remedy under Federal Rule

of Civil Procedure 37(a)(5)(C) where Alliance only partially recovered (id. ¶ 10, citing EEOC v. Bardon, Inc., No. RWT-08-1883, 2010 U.S. Dist. LEXIS 23899, at *8-10 (D. Md. Mar. 12, 2010) (denying fee shifting because "attorneys' fees" was not explicitly mentioned in Rule 37(a)(5)(C)).

Longyear, however, does not contest the reasonableness of either the rates sought or the hours claimed by Alliance's counsel.

DISCUSSION

I.  Motion Expenses Standard

Alliance was to submit its application for the portion of its reasonable motion expenses for partially prevailing on its motion to compel (gaining compelled answers to Interrogatories, production of documents identified during depositions, and production of a privilege log, see Docket No. 69, Order at 6-9). Since it only obtained some of the relief sought and some was denied (Alliance was denied an examination of another Rule 30(b)(6) tax representative of Longyear[6]), under Rule 37(a)(5)(C), the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." The imposition of sanctions in this context is discretionary with this Court, see Knights Armament Co. v. Optical Sys. Tech., Inc., 254 F.R.D. 470, 472 (M.D. Fla. 2008); see also Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999), cert. denied, 528 U.S. 1119 (2000). Where the objections to production are found to be substantially justified, courts have declined to impose sanctions when the movant prevails in part, Smith v. The Conway Org., 154 F.R.D. 73, 78 (S.D.N.Y. 1994). The United States

---

[6]Longyear also notes that Alliance sought the compelled deposition of Susie Wheeler, but that was not ordered by the Court because Alliance obtained that testimony through the cooperation of Longyear, Docket No. 75, Def. Atty. Affirm. ¶¶ 11, 14.

District Court for the Southern District of New York in Smith v. The Conway Organization found that plaintiff's discovery objections were substantially justified and denied recovery of costs and fees on defendant's motion to compel, id.

Alliance has the two-fold task of identifying its reasonable motion expenses and determining which portion of those expenses should be recovered for where it prevailed (see id. at 9; Docket No. 76, Order at 6). Upon this renewed motion, this Court must determine, first, if sanctions are warranted at all; second, whether Alliance's fees are reasonable; third, whether the time expended by Alliance's attorneys was reasonable; and fourth, what is the appropriate portion of the fees that should be recovered as a sanction given the amount of success Alliance had on its motion to compel. The Court also has to determine whether Longyear or its attorneys or both are liable for the portion of motion expenses awarded to Alliance.

> A. Reasonable Attorney's Fee Standard

As previously stated, imposition of Rule 37(a)(5) sanctions for failure to comply with discovery demands must be weighed in light of the full record. See Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). Where, as here, only partial relief was granted "the court may issue any protective order authorized by Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion," Fed. R. Civ. P. 37(a)(5)(C). The key here is that the movant is entitled only to reasonable costs and attorneys' fees, if entitled to recover anything at all. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D.

7

750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client (especially where, as here, the client may never be billed due to the fee arrangement counsel has with the client) related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); Monahan v. SZS 33 Assocs., L.P., 154 F.R.D. 78, 83 (S.D.N.Y. 1994) (applying lodestar method to determining attorney's fee for Rule 37(a)(4)(A) relief); New York State NOW v. Cuomo, No. 93 Civ. 7146, 1996 U.S. Dist. LEXIS 17578, at *4 (S.D.N.Y. Nov. 26, 1996) (Francis, Mag. J.) (same); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred. In calculating the "presumptively reasonable fee" this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111. The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 Moore's Federal

8

Practice–Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11. It is within this Court's discretion to determine the reasonableness of those rates based on the Court's knowledge of prevailing community rates and the relative experience of counsel, Creative Res. Group of N.J., Inc. v. Creative Res. Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002) (Wall, Mag. J.) (Report & Recommendations, citation omitted); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

  B. Attorney's Fees as Rule 37 "Expenses"

The preliminary issue is whether Alliance's attorneys' fees are recoverable as reasonable motion expenses under Rule 37(a)(5)(C). The United States District Court for the District of Maryland held in EEOC v. Bardon, Inc., that "expenses" under Rule 37(a)(5)(C) did not include "attorney's fees" since that provision did not expressly mention attorney's fees. That court construed "expenses" only to mean "the additional costs such as filing, copying, travel, etc.," 2010 U.S. Dist. LEXIS 23899, at *8 incurred by a movant, viewed as a separate category from "attorneys' fees".

Alliance in this case has disclaimed the "expenses" as defined by the Bardon court, seeking only to recover its expended attorneys' fees. A review of recent case law indicates that the District of Maryland is unique in distinguishing "attorney's fees" from "expenses" where a movant only partially prevails in its motion to compel. In almost every published decision under Rule 37(a)(5)(C) the courts have decided whether expenses, including attorney's fees, were appropriately awarded and determined what was the proper amount to be awarded given the level of the movant's success, e.g., CBT Flint Partners, LLC v. Return Path, Inc., No. 1:07CV1822, 2008 U.S. Dist. LEXIS 84189, at *11-12 (N.D. Gal. Aug. 7, 2008) (awarding movant 75% of

9

attorney's fees incurred from opponent or its counsel); Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC, No. 09-497-JJB-SCR, 2010 U.S. Dist. LEXIS 28708, at *12 (M.D. La. Mar. 24, 2010) (Riedlinger, Mag. J.) (awarding attorney's fees for motion to compel only partially granted)[7]; see also 7 Wayne D. Brazil, Moore's Federal Practice–Civil, § 37.23[1] (2010) ("Expense shifting sanctions are defined as the 'reasonable expenses incurred' in making or opposing the motion, including attorney's fees"). The Bardon court's contrary construction of Rule 37(a)(5)(C) is unique, as that court itself recognized, 2010 U.S. Dist. LEXIS 23899, at *10 (citing cases where attorney's fees were awarded under Rule 37(a)(5)(C)), concluding that courts, in enacting that rule, did not intend to award attorney's fees because they were not expressly stated in that subsection while attorney's fees were expressly mentioned in Rule 37(a)(5)(A) and (B), id. at *8-10. Cases that ultimately denied recovery of any expenses or attorneys' fees under Rule 37(a)(5)(C) did so combining both categories, see, e.g., Impact LLC, supra, 2009 U.S. Dist. LEXIS 12734, at 43, of expense without making the fine distinction the Bardon court raises.

---

[7]See also Gonzales v. City of Albuquerque, No. CIV 09-052, 2010 U.S. Dist. LEXIS 13368, at *33-35 (D. N.M. Feb. 9, 2010); DL v. District of Columbia, 251 F.R.D. 38, 49 (D.D.C. 2008); Knights Armament Co. v. Optical Sys. Tech., Inc., 254 F.R.D. 470, 472, 473 (M.D. Fla. 2008); United States v. Board of County Comm'rs of Dona Ana County, No. CIV 08-0505, 2009 U.S. Dist. LEXIS 126218 (D. N.M. July 20, 2009) (noting discrepancy between Rule 37(a)(5)(C) and subsections (A) and (B) regarding attorney's fees, but awards fee recovery)(cited in Bardon, supra, 2010 U.S. Dist. LEXIS 23899, at *10).

Courts declining to award a party expenses (including attorney's fees) or ordering each party to bear its respective expenses have decided on both expenses and attorney's fees, e.g., Impact LLC v. United Rentals, Inc., No. 4:09CV00430, 2009 U.S. Dist. LEXIS 12734, at *43 (E.D. Ark. Feb. 19, 2009) (finding each party to bear its own attorneys' fees and expenses incurred with motion to compel); Fraser v. High Mt. Concepts, LLC, No. 09-CV-00842, 2009 U.S. Dist. LEXIS 95815, at *3-4 (D. Colo. Oct. 5, 2009) (court denies awarding attorney's fees because movant fails to justify such an award, while awarding incurred airfare as reasonable motion expense), without making the distinction raised by the Bardon court between expenses and attorney's fees.

This Court adopts the Southern District of New York's rationale in Rahman v. Smith & Wollensky Restaurant Group, No. 06CV6198, 2009 U.S. Dist. LEXIS 62063, at *6 & n.1 (S.D.N.Y. July 21, 2009), wherein that court held that Rule 37(a)(5)(C) incorporated the substantive standards from the other parts of Rule 37(a)(5) regarding what constitutes a recoverable expense. In determining the timing of the entry of the sanctions judgment against the opponent, Judge Kaplan upheld the finding of Magistrate Judge Francis in imposing a partial award of attorney's fees for movant's motion to compel in movant's motion for entry of judgment, id. at *1-2. Rule 37(a)(5)(C) also authorizes the Court to issue "any protective order authorized under Rule 26(c)," and Rule 26(c), and in turn, refers to available expenses associated with a protective order and expenses authorized by Rule 37(a)(5), see Fed. R. Civ. P. 26(c)(3), including attorneys' fees.

The chief cost for a motion to compel is the attorney's time and expertise in making the motion. Even if a movant partially prevails, it is entitled to recoup some of the expense spent (including or primarily its attorney's fee) to achieve that result. Longyear's argument on this ground is **denied**; the Court next considers whether any sanction is appropriate at all.

II.     Are Sanctions Appropriate Here?

Longyear first argues that sanctions should not be imposed here because its objections to Alliance's discovery were substantially justified, that they were not abusive or frivolous, and Alliance never raised abusiveness or frivolousness of Longyear's objections as a basis for its motion (Docket No. 75, Def. Atty. Affirm. ¶ 4). Longyear contends that any fee award would be unjust in this case where there were repeated motion practice without sanctions being imposed (id. ¶¶ 8, 30-35).

As for this last point, the extensive motion practice noted by Longyear (id. ¶ 33) was not discovery motions governed by Rule 37 and its mandate of the consideration and imposition of sanctions. These were procedural motions (such as seeking an extension of the time to file an Answer or leave for counsel to proceed pro hac vice), matters usually unopposed, or was a discovery motion that was later withdrawn as moot when the desired production was obtained (id.). The closest motion is Longyear's motion for a protective Order related to conducting an "Apex" deposition (Docket Nos. 49, 53) which was granted (Docket No. 62) without granting Longyear its motion expenses.

While sanctions under Rule 37(a)(5)(A) are mandatory save certain exceptions (if motion was filed before there was an attempt in good faith to resolve matter, opponent's nondisclosure or objection was substantially justified, or other circumstances make an award unjust), where the movant gained only partial relief, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion," Fed. R. Civ. P. 37(a)(5)(C), without expressly discussing the opponent's objection or nondisclosure being justified or other reasons that may not justify an award. The latter case gives the Court the discretion to weigh these factors, among others, in determining the appropriate apportionment of reasonable expenses between the parties or even whether imposing costs is appropriate at all.

Longyear extensively argues that it was substantially justified in objecting to this discovery and in opposing Alliance's motion. Longyear had a good faith objection to producing documents it believes were either produced among the thousands of pages already produced or believed were irrelevant to the claims and defenses in this action (see Docket No. 75, Def. Atty. Affirm. ¶¶ 18-21, 26-28) or was the subject of asserted privileges (id. ¶¶ 22-25).

Alliance does not address whether Longyear's objections were substantially justified. While Alliance at least partially prevailed, Longyear raised genuine disputes that would not justify sanctioning its opposition, see Quaker Chair Corp. v. Litton Business Sys., Inc., 71 F.R.D. 527, 535 (S.D.N.Y. 1976) (id. ¶¶ 18, 29); Comprehensive Habilitation Servs., Inc. v. Commerce Funding Corp., 240 F.R.D. 78, 87 (S.D.N.Y. 2006) (Gorenstein, Mag. J.) (argument that information sought was irrelevant provided some justification to support opponent's resistance to this discovery to not warrant imposition of sanction). Thus, within this Court's discretion to determine the appropriate sanction for so much of this motion that plaintiff Alliance prevailed in, **each party should bear its respective motion costs** and the award of reasonable motion expenses for so much of its motion for which it prevailed is **denied**. Although the Court had required Alliance to substantiate its attorneys' fee rate and the time claimed in making its motion (points not disputed by Longyear), the Court **declines to award Alliance any sanction against Longyear**.

## CONCLUSION

For the reasons stated above, plaintiff/counterclaim defendant Alliance Industries' renewed fee application (Docket No. 77) as its reasonable motion expenses is **denied**; each party is to bear its respective motion costs.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
October 12, 2010

13